## HARMAN v. HARMAN.

1. PLEADINGS—MOTIONS TO MAKE DEFINITE—ANSWER—DEFENSES. When a separate defense does not state a full and complete answer in itself to the complaint, it may be stricken out on motion as irrelevant.

2. IBID.—REAL PROPERTY — REMEDIES — DEFENSES.—A defendant cannot set up as a defense to an action for possession of land the price paid for improvements, but only the enhanced value of the land.

3. IBID.—MOTIONS TO MAKE DEFINITE DEFENSES—REMEDIES.—A defendant in an action for possession of land cannot set up as a defense the value of his services rendered plaintiff's grantor personally, and in improving the lands, without alleging a contract giving him a lien on the land therefor, and such defense may be stricken out on motion as irrelevant.

4. LIBEL—COUNTER-CLAIM—REMEDIES—REAL PROPERTY.—Damages for libel cannot be set up as a counter-claim in an action for possession of land. Words charged as libelous, *held* not actionable.

5. DEMURRER—MOTIONS TO MAKE PLEADINGS DEFINITE—REMEDIES —COUNTER-CLAIM.—Is demurrer or motion to make more definite the proper remedy for ridding an answer of an improper counter-claim?

Before GAGE, J., Lexington, July, 1898.    Affirmed.

Action for possession of land and for rents and profits by Godfrey Harman, Margaret R. Nichols, and Fred Harman *v.* James Harman. The complaint is in the usual form. The following are such portions of the answer as are brought in question:

3. For third defense to the alleged cause of action, the defendant further alleges: 1. That he is owner in fee of a certain tract of land near the lands described in the complaint herein, which he was about to sell on or about the —————— day of ——————, 1884, but which he did not sell on account of the request of his mother not to do so, as she did not wish him to leave her, and the said land was near and convenient to the lands which he would receive from her.

5. For a fifth defense to the alleged cause of action, defendant alleges: 1. That this defendant has put the following valuable improvements on said premises, to wit: digging a canal and ditches of the value of $3,500; clearing land, $1,000; building two tenant houses and putting an addition to one, $250; fencing, $200; amount paid T. B. Gable, $300; for labor, terracing and filling up washes, $500, all of which said improvements were put on said premises by defendant in good faith, he being firmly under the belief, from the statements and agreements made with his said mother, that said premises were his, possession of same having been given him by his said mother, and by reason of the betterments and improvements put on said premises by defendant, the same have greatly appreciated in value, and are now worth considerably more than when he took possession thereof, and that the same should constitute a lien on the said premises, and ordered paid out of same.

6. For a sixth defense to the alleged cause of action, defendant alleges: 1. That his services in looking after the

care and comfort of his said mother, performing actual man-
ual daily labor, managing, controlling and improving the
said property, is reasonably worth the sum of $300 per an-
num from the —— day of ——, 1870, up to and in-
cluding the 10th day of May, 1897; and he avers that the
plaintiffs had full knowledge of this fact set forth in the 5th
and 6th defenses of this complaint prior to the 13th day of
May, 1897.

For a counter-claim against the plaintiffs, the defendant
alleges:

1. That on or about the 13th day of May, 1897, the plain-
tiffs, who had full knowledge of the defendant's rights and
interest in the premises mentioned and described in the com-
plaint, wrongfully and wantonly induced one Harriet Har-
man, of the county of Lexington and State aforesaid, to exe-
cute and deliver to them an instrument of writing purport-
ing to be a deed from said Harriet Harman to said plaintiffs
to the premises mentioned and described in said complaint;
and wrongfully and wantonly caused her to recite in said in-
strument of writing the defamatory words, for the purpose
of injuring this defendant, under which instrument of writ-
ing they now seek to depress defendant, to wit: "And
whereas my property consists almost wholly of the real es-
tate hereinafter described, which I have lived upon for many
years past with my son, James Harman, who has made use
of said lands from 1879 to the present time for his sole ad-
vantage, receiving during said years all the rents, issues and
profits therefrom arising and not rendering to me an account
for one farthing of the same." 2. That said plaintiffs,
knowing that the statements contained in said instrument
of writing, as set forth in the preceding paragraph of this
counter-claim, were untrue, wrongfully and wantonly caused
the same to be published and placed on record in the office
of the clerk of the Court of Lexington County, on the 4th
day of October, 1897, with the intent to injure the defendant
as he is informed and believes. 3. That by reason of the
facts herein stated this defendant has been damaged in the

sum of $10,000. Wherefore, defendant demands judgment against the plaintiffs for the sum of $10,000.

From order striking out on motion the third and sixth defenses and the counter-claim, and requiring the defendant to make certain allegations in the fifth defense more definite, defendant appeals.

*Messrs. G. T. Graham* and *P. H. Nelson,* for appellant, cite: *Defenses stricken out not irrelevant:* 14 S. C., 312, 626; 22 S. C., 32; 2 Hill Ch., 427; Code, 171, sub. 2; 5 S. C., 345; 6 S. C., 68; 15 S. C., 331; 9 S. C., 440; 29 S. C., 150; 6 S. C., 113; 10 S. C., 98; 14 N. Y. S., 514; 4 N. Y. S., 628, 721; 56 N. Y. S., 610. *Items of expense in paragraph 5 properly pleaded:* 5 S. C., 531; Code, 179, 180; 12 S. C., 1, 576; 25 S. C., 123. *Counter-claim is proper here:* Code, 171; 4 S. C., 48; 9 S. C., 582; 119 N. C., 81; 20 S.E., 803; 40 S. W., 249; 74 F. R., 25; 64 Sel. App., 383; 48 Pa., 246; 46 N. Y. S., 382; 20 Miss., 671; 70 F. R., 683; 34 N. E., 849; 3 N. Y. S., 497; 9 S. W., 840; 64 N. W., 1000; 38 N. Y. S., 1075; 61 Ill. App., 340; 65 N. W., 938; 27 N. Y. S., 138; 26 Minn., 252; 65 Ind., 47; 32 N. W., 551; 42 N. W., 352. *Dmurrer, not motion, proper remedy to get rid of counter-claim:* Code, 174; 29 S. C., 286; 32 S. C., 243; 83 E. R., 630, 642.

*Mr. Andrew Crawford,* contra, cites: *Motion proper remedy to get rid of sham and irrelevant answers:* 6 S. C., 117; 44 S. C., 227. *Counter-claim set up cannot be allowed him:* 18 S. C., 115; 20 S. C., 268; 17 S. C., 410; 9 S. C., 453; 15 S. C., 458; 30 S. C., 167; 45 S. C., 120.

*Messrs. Efird & Dreher, also* contra, cite: *Sham and irrelevant defenses may be stricken out:* Code, 173. *The cases reported:* 14 S. C., 312, 626; 22 S. C., 32; 2 Hill, 427, and 29 S. C., 150, *cited by appellant do not rule that defendant can set up any and all equities against plaintiff's grantor.*

January 6, 1899. The opinion of the Court was delivered by

MR. JUSTICE GARY. The above named plaintiffs brought this action to recover possession of the tract of land described in the complaint, and for rents and profits, of the alleged value of $1,000. The defendant admitted that he was in possession of said land, but denied each and every other allegation of the complaint. The defendant also set up in his answer seven defenses and a counter-claim. The plaintiffs made a motion to have the answer made definite and certain by striking out the counter-claim and certain allegations of the defenses, on the ground that they were irrelevant. The presiding Judge granted an order that the answer be made definite and certain by striking out the counter-claim and the allegations of the answer contained in said order.

The defendant appealed upon exceptions, the first and second of which are as follows : "1. Because his Honor erred in holding that the allegations of paragraph 3 of the defendant's answer 'cannot affect the issue in this cause, to wit: Who is the legal owner of the land described in the complaint?' and in holding that said paragraph 3 was irrelevant, and it is respectfully submitted that his Honor erred as a matter of law, in striking out paragraph 3 of the defendant's answer, which paragraph reads as follows : 'that he is the owner in fee of a certain tract of land near the lands described in the complaint herein, which he was about to sell, on or about the —— day of ————, 1884, but which he did not sell on account of the request of his mother not to do so, as she did not wish him to leave her. and the said land was convenient to the lands which he would receive from her.' 2. That his Honor erred in not holding that the allegations of paragraph 3 of the defendant's answer were relevant to the issue in said case, and that plaintiffs, having taken a deed of the land in controversy, knowing that the defendant was in possession thereof, and having full knowledge and notice of the rights of defendant,

when they took the deed, which is manifest from the deed itself, that said plaintiffs took subject to all equities of the defendant; and he erred, as a matter of law, in not holding that paragraph 3 of said answer was relevant and responsive to the issues in said case." The words quoted in the first exception constitute the entire allegations of the defendant's third defense. In Pomeroy's Code Remedies it is said: "The rule, as stated in its general form, is, that each defense must be sufficient in itself, in its material allegations or denials, to constitute an answer to the cause or causes of action against which it is directed, and thus to defeat a recovery thereon. This proposition refers to the substance of the defense. In reference to the form and manner of stating this substance, it must, either by actual statement in full or by a proper reference to and adoption of matter in another defense found in the same answer, contain averments of all the material facts or denials, which together make up the defense. Each must in its composition be complete, sufficient and full, it must stand on its own allegations, it cannot be aided, nor its imperfect and partial statements helped out, by matter found in another defense, unless such matter is expressly referred to, and in an express manner adopted and borrowed from that other, and made a part of itself. The reference, however, to the former defense, and the adoption of its matter, if permitted at all, must be express; for otherwise the allegations of one cannot be treated as incorporated in or helping out those of another. This rule is well settled by the authorities, although often disregarded in practice." See also *Hammond* v. *Railroad Company*, 15 S. C., 10. The allegations of the third defense are insufficient within themselves, and it was not error on the part of the Circuit Judge to strike them out as irrelevant.

The third exception is as follows: "3. Because his Honor erred in not holding that so much of paragraph 5 of the defendant's answer as alleges 'Amount paid T. B. Gable, $300, can have no relation to the issues for trial here; not a proper matter to prove; it is not a proper mat-

ter to allege;' when the pleadings show that at the
time the plaintiff took title to the property in controversy
they knew the defendant was in possession of same, claiming
it as his own, knowing of all the rights and claims that de-
fendant has in the premises." The case does not show why
the defendant paid Gable $300. But even if it was paid for
work performed by him in erecting the alleged improve-
ments, it was not a proper charge against the plaintiffs.
While a defendant may set up in his answer a claim for so
much money as the land has been increased in value in con-
sequence of improvements made thereon, he can not set up
as a defense the amount paid in erecting the improvements.

The fourth exception is as follows: "4. That his Honor
erred in holding that counsel for defendant 'conceded at the
hearing the objection to including in one charge of $500
three distinct items, to wit: labor, terracing and filling
washes, $500,' and it is submitted that his Honor erred in
not holding that the words 'for labor, terracing and filling
up washes,' were sufficiently definite for the plaintiffs to un-
derstand the nature of the defense." There is nothing in
the "Case" even tending to show that the presiding Judge
was in error in making this statement, consequently the ex-
ception must be overruled.

The fifth exception is as follows: "5. Because his Honor
erred in sustaining the fourth ground of the motion, and in
holding that the sixth paragraph of the defendant's answer,
which alleges 'that his services in looking after the
care and comfort of his said mother, performing
actual manual labor, managing, controlling and im-
proving the said property, is reasonably worth the sum of
$300 per annum from the —— day of ———, 1870, up to
and including the 10th day of May, 1897; and he avers that
the plaintiffs had full knowledge of the facts set forth in the
fifth and sixth defenses of the answer, prior to the 13th day
of May, 1897,' was wholly irrelevant and not responsive to
any issue that could be raised by the pleadings; 'that it set
up a debt due to the defendant by the grantor of the plain-

tiffs; that fact is irrelevant to the issue joined, because its truth or falsity cannot, as a matter of law, affect the issues,' when the pleadings show that the defendant was in possession of the premises in controversy at the date of the alleged execution of the deed from Harriet Harman to plaintiffs, and that plaintiffs had full knowledge and notice of all the rights that defendant had in and to the said premises before they undertook to take a conveyance from said Harriet Harman; and that said plaintiffs took said deed from Harriet Harman with full knowledge and notice of all the rights and equities of the defendant, who was in lawful possession of said premises and had been in possession of the same for years prior to the date of said deed from said Harriet Harman to plaintiffs." Even admitting that the defendant has a legal or an equitable title to the land, he can not set up a claim for services against his own title; or admitting that he has no title whatever, but has the right to set up a claim for improvements, still in the absence of such agreement as gave him a lien on the land for his services, he can not set up a claim therefor against these plaintiffs. There are no allegations showing that he had such lien, and the Circuit Judge was not in error in striking out the foregoing words as irrelevant.

The sixth exception is as follows: "6. For that his Honor erred in not holding that the plaintiffs, having taken a deed from Harriet Harman to the premises in controversy, while the defendant was in the peaceable and lawful possession thereof, and with full knowledge and notice of the defendant's rights and equities, were not purchasers for valuable consideration, and that the plaintiffs took the said deed subject to all the rights and equities which the defendant held against said premises, or against the said Harriet Harman, the grantor of the said plaintiffs." This exception involves the merits of the case, and its consideration at this time would be premature.

The seventh and eighth exceptions are as follows: "7. Because his Honor erred in sustaining the motion to strike

out, and in striking out the counter-claim set up by the defendant on the ground that it was irrelevant, and not responsive to any issue that could be raised by the pleadings, and that 'the connection between the land and the libel is not direct; it is indirect and remote. The connection is not with the land, but with an instrument of writing, the deed by which the land was conveyed to the plaintiffs,' when the complaint shows on its face that the deed from Harriet Harman to the plaintiffs, out of which the defendant's cause of action arises, is not only connected with the subject of the plaintiffs' action, but is the foundation of the plaintiffs' claim, as is manifest from the allegations of the complaint. 8. That his Honor erred in not holding that the counter-claim of the defendant was one existing in favor of the defendant and against the plaintiffs, between whom a several judgment could be had, and arose out of the transaction set forth in the complaint as the foundation of the plaintiffs' claim, and was connected with the subject of the action, and came within the provisions of sub. 1 of section 171 of the Code." The reporter will set out the alleged defamatory words in the report of the case. The counter-claim shows upon its face that the alleged defamatory words are not actionable; hence the questions raised by these exceptions are purely speculative and need not be considered. Because in any event they would not constitute a proper counter-claim in an action of this kind.

The ninth exception is as follows: "9. For that his Honor erred in not holding that the defendant's counter-claim could not be stricken out under the notice of motion in this case, and that if plaintiffs could have taken any advantage of the said counter-claim, that their only remedy was by demurrer." The "Case" fails to show the very material fact that the appellant, upon the hearing of the motion in the Courts below, objected to the mode of proceeding on the part of the plaintiffs, on the ground that the defendant's counter-claim could not be stricken out on motion, but that, if the plaintiffs could take

advantage of the manner in which said counter-claim was stated, their only remedy was by demurrer. But even if there was error on the part of the Circuit Judge, it was harmless, as the alleged defamatory words were not actionable, and not properly pleadable in this case.

It is the judgment of this Court, that the order of the Circuit Court be affirmed.