## BERRY v. E. L. MOORE CO.

PLEADINGS—STRIKING OUT—PRACTICE—DEMURRER.—Where causes of action are separately stated, a party making a motion to strike out parts of the stated causes of action because irrelevant and redundant, cannot refer to the causes of action jointly to ascertain that fact. If an alleged cause of action separately stated fail to state a cause of action, demurrer to such stated cause of action is the practice.

Before WATTS, J., Marion, March, 1904.   Affirmed.

Action by Mary C. Berry against E. L. Moore Company. From Circuit order refusing motion to strike out parts of the complaint, defendant appeals.

*Messrs. P. B. Sellers* and *M. C. Woods,* for appellant. *Mr. Woods* cites: *Can a plaintiff in claim and delivery demand consequential and punitive damages?* Code of Proc., 283; 68 S. C., 98; 170 U. S., 469; 1 Bay, 273; 1 N. & McC., 221, 237; 20 S. C., 512; 39 S. C., 470; 57 S. C., 432.

*Messrs. Livingston & Gibson* and *N. B. Hargrave,* contra. The former cite: *What is an irrelevant allegation?* 67 S. C., 495; 18 S. C., 473; 50 S. C., 54. *Special damages may be awarded in claim and delivery, and such only are claimed here:* 65 S. C., 506; 39 S. C., 468; 18 Ency. P. & P., 543; 31 S. C., 49; 67 S. C., 491; 21 S. C., 599; 22 S. C., 484.

June 27, 1904.   The opinion of the Court was delivered by

MR. JUSTICE GARY.    This is an appeal from an order re-
fusing a motion to strike out of the complaint certain allega-
tions on the ground that they are irrelevant and redundant.
The complaint is as follows:

"The above named plaintiff, complaining of the defendant,
alleges:

"First—for a first cause of action:

"I. That the defendant is, and was at the times herein-
after mentioned, a corporation chartered and organized
under the laws of the State aforesaid.

"II. That at the time hereinafter mentioned the plaintiff
was lawfully possessed of one grey horse, about nine years
old, and a vehicle called a trap, of the value respectively of
ninety and fifty dollars, the two aggregating one hundred
and forty dollars, then and ever since her property.

"III. That on the 16th day of September, A. D. 1903,
the defendant wrongfully took said goods and chattels from
the possession of this plaintiff, and still unjustly detains the
same, to the damage of plaintiff one hundred dollars.

"Second—for a second cause of action:

"I. That the defendant is, and was at the times hereinafter
mentioned, a corporation chartered and organized under the
laws of the State aforesaid.

"II. That at Dillon, in the county and State aforesaid, on
the 16th day of September, A. D. 1903, the defendant unlaw-
fully took from the possession of the plaintiff and carried
away one grey horse, about nine years old, and one vehicle
commonly denominated a trap, of the aggregate value of one
hundred and forty dollars, and unlawfully detained the same
from the plaintiff.

"III. That at the times aforesaid the plaintiff was and still
is engaged in conducting a boarding house for the entertain-
ment, for a reasonable compensation, of transient and local
guests, in which occupation said horse and trap were used
and to which they constitute a necessary appendage.

"IV. That by reason of such unlawful taking and deten-
tion, and by reason of being deprived of the use of said horse

and trap as aforesaid, the plaintiff has been injured to her damage one hundred dollars.

"Third—for a third cause of action:

"I. That the defendant now is, and was at the times hereinbefore mentioned, a corporation chartered and organized under the laws of the State aforesaid.

"II. That on the 16th day of September, A. D. 1903, the defendant wilfully, wantonly and maliciously intending to injure the plaintiff, broke and entered into her premises, and unlawfully and wrongfully took and carried away one grey horse and one trap buggy, of the value of one hundred and forty dollars, the proper goods and chattels of the plaintiff, and wilfully, wantonly and maliciously detained and still detains the same, to her damage one hundred dollars.

"Wherefore, the plaintiff demands judgment against the defendant for the recovery of said goods and chattels, or for the sum of one hundred and forty dollars, the value thereof, in case delivery cannot be had, together with three hundred dollars damages and the costs of this action."

The motion was to strike out all of the paragraphs I., II., III. and IV. of the second cause of action, and all of paragraphs I. and II. of the third cause of action, as irrelevant and redundant, on the following grounds:

"1. Because the plaintiff cannot set up the damages in an action in claim and delivery alleged in paragraphs III. and IV. of the alleged second cause of action, and in paragraph II. of the alleged third cause of action, for the reason that damages recoverable in an action of claim and delivery must have respect to the property claimed, and be based upon the value of such property, and be a direct injury arising from its detention, and no other damages can be alleged or claimed.

"2. Because paragraphs I. and II. of the alleged second cause of action and paragraph I. of the alleged third cause of action, are mere repetitions of facts already alleged in the complaint."

, The defendant appealed, assigning the following as error on the part of his Honor, the presiding Judge:

"1. In holding that in an action of claim and delivery, a plaintiff may recover consequential damages for the taking and detention by the defendant of the property in issue.

"2. In holding that in an action of claim and delivery a plaintiff may recover punitive damages for the taking and detention by the defendant of the property in issue.

"3. In not holding that in an action in claim and delivery, plaintiff cannot set up damages, as alleged in paragraphs III. and IV. of the alleged second cause of action and paragraph II. of the alleged third cause of action.

"4. In not holding that in an action in claim and delivery, only such damages are recoverable as have respect to the property claimed, and are based upon the value of such property, and are a direct injury arising from its detention, and that no other damages can be alleged or claimed."

In the first place, the record fails to show that his Honor ruled as set forth in the exceptions. The assignments of error are the inferences which the appellant has drawn from the order of the Circuit Judge, which simply refused the motion, without stating any reasons for so doing, and the questions raised by the exceptions were not, necessarily, involved.

In section 575 of his Code Remedies, Mr. Pomeroy says: "When a complaint or petition contains two or more causes of action, all the Codes require that they shall be distinctly and separately stated and numbered * * * It is a settled rule, that if the pleading is of this kind, each separate division or count must be complete by itself, and must contain all the averments necessary to a perfect cause of action. Defects and omissions in one cannot be supplied by the allegations found in another, nor can the pleader, by merely referring to material facts properly set forth in a former count, incorporate them into and make them part of a subsequent one. In other words, all the issuable or material facts constituting the ground for a recovery must be stated in each cause of action,

even though some repetition might thereby become necessary."

The converse of this proposition is likewise true; so that if the causes of action are separately stated, a party making a motion, as in this case, cannot refer to the causes of action jointly, for the purpose of determining whether matter therein set forth is irrelevant and redundant. The question whether allegations are irrelevant and redundant must be determined by reference alone to the cause of action in which such allegations are set forth. In the case under consideration, the allegations sought to be struck out were not irrelevant and redundant, when considered alone with reference to the respective causes of action in which they appear.

In the case of *Harman* v. *Harman,* 54 S. C., 100, 31 S. E., 881, this Court quotes with approval similar language from section 716 of Pomeroy's Code Remedies, in regard to separate defenses. The plaintiff sets up three distinct causes of action. If the facts stated in the second and third alleged causes of action are not sufficient to constitute in themselves causes of action, distinct and different from the first cause of action, for the reasons stated in defendant's motion or any other reason, then the remedy was not to move to strike out, but to demur to the second and third causes of action separately. There is some authority in favor of the practice of moving to strike out, but the more logical view is that relief should be sought by demurrer. 21 Ency. P. & P., 235. See Code of Procedure, section 166 and section 597 of Pom. Code Rem.

It is the judgment of this Court, that the order of the Circuit Court be affirmed.