6827

## WRIGHT v. WILLOUGHBY.

1. DEMURRER will not lie for misjoinder of parties.
2. PLEADING—CAUSE OF ACTION.—While the complaint contains in form two causes of action, yet the allegations set up one primary right and one primary wrong, and hence states only one cause of action.
3. DEEDS—REAL PROPERTY—EVIDENCE.—It is duty of judge to construe deed as written, and the deed here properly construed to call for the railroad and not the right of way as a boundary. But it is competent to show an agreement between the parties adopting an agreed line.
4. REAL PROPERTY—DAMAGES.—Under the proof here it was proper to instruct jury that one claiming land in possesion of another may enter and take possession if he can do so without a breach of the peace, but if he take possession by force or in a high-handed manner he is liable for damages.
5. IBID.—NEW TRIAL.—Under proof here new trial *nisi* by reducing verdict and amount of land recovered, approved.

Before HYDRICK, J., Florence, October, 1906.    Affirmed.

Action by Winslow Wright against T. C. Willoughby, as an individual and as trustee, James N. Willoughby *et al.* From judgment for plaintiff, defendant appeals.

*Messrs. W. F. Clayton* and *S. W. G. Shipp,* for appellant. *Mr. Clayton* cites: *Demurrer as to misjoinder of actions should have been sustained:* 2 S. E. R., 393. *Demurrer that second cause of action does not state a cause of action should have been sustained:* Pom. Rem., sec. 575; 15 S. C., 28; 12 S. C., 8.

*Messrs. W. L. Bass* and *Jas. W. Johnson,* contra, cite: *Demurrer will not lie for misjoinder of parties:* 27 S. C., 318. *That complaint does not show on its face that court has jurisdiction can not be raised by demurrer:* Code of Proc., 165, 168; 15 S. C., 25. *Court may order a new trial on conditions:* 12 S. C., 51; 4 Rich. L., 12; 12 Rich., 138;

8 Rich., 287; 5 Rich., 295; 2 Rich., 507; Harper, 83; Code 1902, 2245; 57 S. C., 395. *Questions of fact decided on such motion is final:* 57 S. C., 395; 66 S. C., 302; 68 S. C., 446; 69 S. C., 101; 65 S. C., 378. *Insufficiency of evidence will not be reviewed:* 64 S. C., 251; 67 S. C., 18; 69 S. C., 116; 74 S. C., 89, 221; 75 S. C., 290. *Nor weight of evidence:* 64 S. C., 7; 65 S. C., 510. *Such order is not appealable:* 12 S. C., 52; 37 S. C., 606.

March 28, 1908. The opinion of the Court was delivered by

MR. JUSTICE WOODS. In this suit plaintiff alleges, as a first cause of action, title to the tract of land described in the complaint and his right to recover possession from the defendant; and, as a second cause of action, that "on or about the 22d day of February, 1904, while he was in the quiet and peaceable possession of said piece or parcel of land, having the same inclosed by a substantial plank fence, the defendants, in a high-handed manner and with great show of force, and with a multitude of people acting as their agents, the defendant T. C. Willoughby also claiming to be acting as trustee, under an alleged deed from his wife, Ella F. Willoughby, to him, which is recorded in the office of the clerk of said county, entered on said strip of land in the night time, and wantonly, maliciously and unlawfully tore down said fence and plowed up plaintiff's oats, which were planted on said strip of land, to plaintiff's damage five thousand dollars."

The defendant first demurred to both causes of action on this ground: "That the complaint shows upon its face that the defendant, T. C. Willoughby, is both personally held liable and also as trustee in the same cause of action, and as such is improperly joined and misjoined, both in his individual and trust capacity, with the other defendants and with himself." Judge Klugh was clearly right in overruling this demurrer. Assuming that T. C.

Willoughby, in his capacity as trustee, was not a proper party to the action under the allegations of the complaint, his remedy was to demur on the ground that no cause of action was stated against him as trustee. A demurrer for defect of parties will be sustained only where there is a deficiency of parties necessary to the determination of the action, not where there is a misjoinder. *Lowry* v. *Jackson,* 27 S. C., 321, 3 S. E., 473. But even if the law were different, the defendant suffered no detriment because, after the verdict was rendered, the Circuit Court had it amended without objection from the plaintiff, so that, as to the damages, it stood against T. C. Willoughby as an individual, not as a trustee.

At the trial, the defendants submitted another demurrer to the second alleged cause of action on the ground that the statement of that cause of action is totally defective, in that (1) it contains no description or identification of the land alleged to have been trespassed on, and (2) it does not appear therefrom that defendants are residents of Williamsburg County or that the land is situated in that county.

If the complaint really set up two independent causes of action, the position taken in the demurrer would be unassailable. For no principle of pleading is better settled than that each cause of action must stand or fall on its own allegations, without reference to the allegations to be found in the statement of another cause of action. *Hammond* v. *R. R. Co.,* 15 S. C., 27; *Latimer* v. *Sullivan,* 30 S. C., 111, 8 S. E., 639; *Iseman* v. *McMillan,* 36 S. C., 27, 15 S. E., 336; *Theratt* v. *Mining Co.,* 49 S. C., 95, 26 S. E., 270; *Harman* v. *Harman,* 54 S. C., 100, 31 S. E., 881; *Hickson* v. *Early,* 62 S. C., 42, 39 S. E., 782. In this case there is nothing whatever to identify the land without reference to the statement of the first alleged cause of action.

But while the complaint contains in form two causes of action, in reality only one is stated. Taking the complaint

as true, only one primary right of the plaintiff is alleged, namely, the right of undisturbed possession, growing out of ownership of the land.   Only one primary wrong of defendant is alleged, namely, the deprivation of the plaintiff of the right of possession.   The right of the plaintiff to have damages for the fraudulent and violent invasion of his primary right of possession is a subordinate right included in the primary right of possession.   The one primary wrong of the defendants was their deprivation of the plaintiff of his rightful possession.   The alleged violent and malicious breaking of the plaintiff's fence and seizure of possession from plaintiff were only methods employed in accomplishing the primary wrong, and are included in it.   Only one primary right and its invasion being stated in the complaint, the complaint contains only one cause of action.   For this reason, there was no foundation for the demurrer.   *DuBose* v. *Kell,* 72 S. C., 208, 51 S. E., 692; Pomeroy's Code Remedies, Sec. 455.

The plaintiff and defendants claimed from a common source, both having derived title from M. M. Braveboy. The defendants had the older deeds, but the plaintiff undertook to show their deed from Braveboy did not embrace the land in dispute.   The defendants also set up adverse possession and the statute of limitation.

The main deed to defendants called for a boundary on the "east by N. E. R. R. Co. of S. C."   If this be construed to mean the line of the railroad right of way, then the deed under which the defendant claimed embraced the land in dispute.   But we think the Circuit Judge was right in instructing the jury that the words used meant the railroad itself and not any lands or right of way of the railroad company.   That this was the true meaning is made more obvious when it is observed the north, south and west boundaries are all given as "lands" of different parties, while the boundary on the east is not the lands nor right of way of the railroad company, but the railroad itself.

Besides, it seems not disputed that Braveboy, the grantor, owned the fee in the strip of land, sixty-five feet wide, held by the railroad as a right of way, and the presumption is that he intended to convey and not retain the narrow strip of sixty-five feet west of the railroad track, which would be of little, if any, use to him. *Church* v. *Stiles* (Vt.), 10 Atl., 674.

While this was the true construction of the deed, the evidence as to location of lines by the surveyors, under any agreement or understanding of the parties, was competent to show settlement of any dispute about the line by the adoption of an agreed line different from that which we have shown Braveboy or the other plaintiff was entitled to insist on under the terms of the deed. But it was the duty of the Circuit Judge to construe the deed as written, and no construction put upon it by defendants or their grantors alone, not assented to nor acquiesced in by the other parties concerned, could avail against the plaintiff. *Coates & Co.* v. *Early*, 46 S. C., 220, 24 S. E., 305. Whether there was ever such agreed line was a question of fact, which was decided by the verdict adversely to the defendants.

There was evidence tending to support defendant's claim of adverse possession in Ella F. Willoughby, but there was also evidence from Braveboy, her grantor, tending to show the possession of Ella F. Willoughby did not extend to the land covered by the plaintiff's recovery. The Circuit Judge, therefore, was not in error in having the jury to decide this issue, and the issue made as to the statute of limitations. By their verdict, finding the plaintiff to be entitled to recover possession of the land, the jury decided the defendants were trespassers on the land when they undertook to cultivate it. If at the time the plaintiff built his fence, the defendants were not in actual possession of the land but had merely made a wrongful entry and begun to plow up plaintiff's land, then it would necessarily follow

Rep.]                    November Term, 1907.

there was no justification for T. C. Willoughby and J. N. Willoughby to enter and with force tear down the fence, and they would be liable to the plaintiff for damages. It follows that this instruction given by the Circuit Judge was a correct statement of the law: "It is agreed by the plaintiffs that none of the defendants are liable for that alleged trespass, except the defendants T. C. Willoughby and J. N. Willoughby, and it is for you to say whether they are liable. Where one is in possession of property which another claims, if he can get possession in a quiet and peaceable manner and without committing a breach of the peace, he has the right to do so; but if he can not do so without committing a breach of the peace or by the exercise of force and arms, he must not undertake to do so, but must bring his complaint to the courts for adjudication. If the plaintiff was in possession of the lands in dispute and the defendants, T. C. Willoughby and J. N. Willoughby, went there and by force and arms, and in a high-handed way, entered upon it and destroyed his fence and his crop of oats planted in it, as alleged, then they violated the law, and it is for you to say how much you will make them pay as punishment for such high-handed and lawless conduct. But if they, without violence or such show of violence as to create terror in the minds of the party in possession, went and quietly and peaceably and without committing a breach of the peace, took possession, they had the right, as I have told you, to do so, and would not be liable to respond in damages for doing so."

After hearing argument on motion for a new trial, the Circuit Judge ordered a new trial, unless the plaintiff would remit $500 of the verdict of $1,000 damages, and also release a certain portion or strip of the land, holding the evidence insufficient to establish plaintiff's claim to it. In making this order, instead of an unconditional order for a new trial, the Circuit Judge exercised a discretion which this Court can question only when it is shown to rest on no substantial ground. Upon careful con-

sideration of the entire testimony, we think the Circuit Judge exercised a wise discretion in granting a new trial *nisi*.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.