## 7165

### HOLDEN v. ALEXANDER.

1. WRITTEN INSTRUMENTS—DEEDS—EVIDENCE—PAROL.—Where a deed in plain and nonambiguous terms describes a boundary line parol evidence is not admissible to show the parties before or at time of execution of the deed agreed on a different line nor to explain the language used.

*Wright* v. *Willoughby,* 79 S. C., 442, *distinguished from this case.*

2. REHEARING refused.

Before HYDRICK, J., Oconee, November Term, 1907. Reversed.

Action by William V. Holden against Thomas E. Alexander. From judgment for plaintiff, defendant appeals on the following exceptions:

I. "Because the description of the premises conveyed in the deed by Jane Holden, as Executrix of Isaac Holden, deceased, to L. F. Moore on February 2, 1883, being plain and without ambiguity or uncertainty, it was error to admit parol testimony for the purpose of changing, varying or contradicting the description of the dividing line between the tract of land conveyed by said deed, and the remaining portion of the tract of land belonging to the estate of Isaac Holden, deceased, said dividing line being described in said deed as : 'Commencing on a rock on the bank of Keowee river, at the mouth of the second drain branch above the original line running west nineteen chains, thence southwest to the original line;' said description being plain and unambiguous and set forth by courses and distances from a fixed point, it could not be changed, varied or contradicted by parol testimony, substituting a line of only fifteen chains and ninety links to a certain red oak, (no such oak being called for in deed), and thence almost south by varying courses and distances to a poplar tree, (no such poplar tree being called for in deed), about half way along the line

from said black oak toward the original line, and leaving as open the remainder of said line beyond said poplar tree to the original back line, thereby cutting down and taking from the tract of land included within the boundary described in said deed about fifty-one acres; and the Court erred in not thus holding and ruling.

II. "Because the Court erred in charging the jury as follows: 'When this deed was made, if nothing had been done, if no marks were made on the ground at the time, and if each successive owner just bought that deed, then as a matter of law, that line must run west nineteen chains, and after it gets nineteen chains run southwest until it gets to the old line. That is, if you find nothing else was done but make out that deed. But if the parties at that time went upon the land and marked out a line and agreed upon that, then they are bound by that, and their successors in title are bound by that, unless you find as a fact. after those lines were marked out, that the title to the land was changed in some one by being in adverse possession of the land for ten years, because, that will, as I told you, give rise to title in itself;' the error being: (*a*) the intention or meaning of the parties must be ascertained from the written instrument itself, whether words of grant, covenant or description, and where only courses and distances from a given monument, natural or artificial, are mentioned in a deed, the boundary of the land must be ascertained by such courses and distances; and it was error to hold and charge otherwise; (*b*) courses and distances must govern unless controlled by monuments, natural or artificial, mentioned in the deed or grant, and the Court erred in not so holding and charging; (*c*) monuments, natural or artificial, cannot be set up by parol testimony so as to change or vary the plain and express terms in the deed or grant, and the Court erred in not so holding and charging: (*d*) parol evidence is only to be resorted to to show the circumstances under which the deed was made, to define technical terms or to explain latent

ambiguities, and the Court erred in not so holding and charging.

III. "Because the Court erred in charging the jury as follows: 'Now then, it is a question of fact for you to say, whether at the time this deed was made, anything was done to mark out those lines on the ground.' The error being: (a) the submission to the jury of a question that must be answered from the terms of description in the deed, which are plain and unambiguous and should have been construed by the Court; (b) because the jury were thus allowed and invited to take into consideration the oral testimony of Jane Holden and W. V. Holden as to an alleged line of only fifteen chains and ninety links in length, stopping at a certain black oak and running thence almost south by varying courses and distances to a certain poplar tree, none of such artificial monuments being mentioned in the deed.

IV. "Because the Court erred in overruling the objection of defendant to the testimony given by Jane Holden, as follows, to wit: Question by plaintiff's attorney, 'Tell what you did when you marked out the line.' (Defendant objects to any testimony that might tend to contradict or vary the terms of the deed signed by witness conveying said tract to L. F. Moore). Answer, 'We commenced at the river at the mouth of a little drain branch and went up to the top of the hill to an oak. We were to go to the old fence row, but when we got there he decided to come back to the oak, and went straight over to the branch. There was an old road coming down the ridge before we got to the branch. We crossed said old road and went down the ridge to the branch. We agreed for the line to go straight on to the Craig line. Q. State whether or not you made any marks along this line, and what, if any? A. Mr. Moore and my son made marks along the line. I don't know what kind they made. They made some cross marks on the poplar and hacked some along the line;" the error being: (a) the intention or meaning of the parties must be ascertained from the written in-

strument itself, whether words of grant, covenant or description, and where only courses and distances from a given monument, natural or artificial, are mentioned in a deed, the boundary of the land must be ascertained by such courses and distances, and it was error to hold and charge otherwise; (*b*) courses and distances must govern, unless controlled by monuments, natural or artificial, mentioned in the deed or grant, and the Court erred in not so holding and charging; (*c*) monuments, natural or artificial, can not be set up by parol testimony so as to change or vary the plain and express terms in the deed or grant, and the Court erred in not so holding and charging; (*d*) parol evidence is only to be resorted to to show the circumstances under which the deed was made, to define technical terms or to explain latent ambiguities, and the Court erred in not so holding and charging.

V. "Because the presiding Judge erred in refusing motion for new trial on the minutes of the Court on the following grounds, to wit: (a) Because, it is respectfully submitted, the description of the premises conveyed in the deed by Jane Holden, as executrix of Isaac Holden, deceased, to L. F. Moore, on February 2, 1883, being plain and without ambiguity, or uncertainty, it was error to admit parol testimony for the purpose of changing, varying or contradicting the description of the dividing line between the tract of land conveyed by said deed and the remaining portion of the tract of land from which the portion conveyed was cut off and sold to L. F. Moore, said dividing line being described in said deed as 'commencing on a rock on the bank of Keowee river, at the mouth of the second drain branch above the original line, running west nineteen chains, thence southwest to the original line,' said description of said line being plain and unambiguous, and set forth in said deed as the dividing line agreed upon by the grantor and grantee, it could not be changed, varied or contradicted by parol testimony substituting a line of only fifteen chains and ninety

links to a certain black oak, and thence almost south by varying courses and distances to a poplar tree about half way along the line from said black oak toward the original ·line, and leaving as open and uncalled for the remainder of said line from said poplar tree on to the original back line, thereby cutting down and taking from the boundary called for in said deed about fifty-one acres of the premises granted therein; that the testimony of the witnesses, Jane Holden and W. V. Holden, as to colloquims, conversations, agreements or acts of the grantor and grantee, with respect to the dividing line previous to the execution of said deed, were merged into the agreement as to the dividing line contained in said deed, and it became the charts for ascertaining the contract between the parties.

"(b) Because, it is respectfully submitted, it was error to charge the jury that they could consider what was said and done between Jane Holden, as executrix of Isaac Holden, deceased, and L. F. Moore, the grantee, previous to the execution of said deed, with respect to said dividing line, in finding the location thereof; the description of said line set forth in said deed being given by courses and distances, commencing at a rock on the bank of Keowee river and running west 19 chains, thence southwest to the original line.

"(c) Because, in the description of the premises granted in said deed, there is no mention of a corner on an oak tree any given distance from the rock corner on the bank of Keowee river; no mention of a poplar tree on a branch, and no mention of a line of varying courses and distances between said oak tree and poplar tree; and, it is respectfully submitted, that it was error to rule as competent the parol testimony of Jane and W. V. Holden as to an alleged line from said oak tree to said poplar tree, and to charge the jury that such oral testimony could be considered in locating the dividing line.

"(d) Because the oral testimony failed to show any marked line between said poplar tree and the original or

back line, the only marked line attempting to be set up by such testimony being the line commencing at the rock on the bank of Keowee river and running to said oak 15.90 chains, and thence by varying courses and distances to said poplar tree, on the branch which was orally agreed upon as a corner, the line beyond said poplar tree being simply agreed upon by word of mouth; said dividing line, as thus attempted to be set up by parol testimony, being radically and materially different from the dividing line described in the deed, thereby cutting off a boundary of 51 acres from the area embraced in the description contained in said deed; and, it is respectfully submitted, it was error to hold such oral testimony competent, and to charge the jury that it could be considered in ascertaining the location of said dividing line.

"(e) Because the verdict is not sustained by the testimony.

."(f) Because the possession of the 51 acres inside the dividing line described in the deed by Jane Holden, executrix of Isaac Holden, deceased, to L. F. Moore, on February 2, 1883, was not adverse, notorious and continuous by Jane Holden, as such executrix, subsequent to said date; that her possession of the upper or remaining portion of the original tract, from which the tract conveyed to Moore was taken, could not be extended across or beyond the line described in her deed, without there being entry and holding beyond such line, openly, notoriously, continuously and adversely for ten years or more; that the testimony fails to show any such adverse possession on the part of the plaintiff or of his grantor.

"(g) Because the deed must be construed more strongly against the grantor, and he is bound by the terms of his deed in the absence of ambiguity or uncertainty, and oral evidence that the grantor measured less than the distance expressly mentioned in his deed is incompetent to show that less passed by the deed than the number stated in it; the

intention or meaning of the parties must be ascertained from the written instrument itself, whether words of grant, covenant or description; and where only courses and distances from a given monument, natural or artificial, are mentioned in a deed, the boundary of the land must be ascertained by such courses and distances; distances may be increased or decreased, and sometimes courses departed from in order to preserve the boundary, but the rule authorizes no other departure from the former than such as is necessary to preserve the latter; courses and distances must govern unless controlled by monuments, natural or artificial, mentioned in the deed or grant; monuments, natural or artificial, can not be set up by oral testimony so as to change or vary the plain and express terms in the deed or grant. The intention of the parties must be ascertained from the instrument itself, and where it is clearly expressed therein outside evidence will not be admitted to frustrate it, or to alter the terms of the description. Parol evidence is only to be resorted to to show the circumstances under which the deed was made, to define technical terms or explain latent ambiguties, and it was error not to so hold and charge.

VI. "Because his Honor erred in charging the jury as follows: * * * 'When I say a deed can not be varied by parol testimony, it does not mean that the line can not be shown as to where it was at the time; but if nothing was done but the making of that deed, it is your duty to find a verdict for the defendant. But if these people went out upon the ground as a part of their contract and marked out a line, then you hold them to the line marked out. If it is different from the line specified in the deed, and if it was attempting to describe the line specified in the deed, then they are bound by it. If they went out and undertook to mark out a line upon the ground, and undertook to describe it in the deed, they are bound by it.' The error being: (a) In locating land covered by a deed the main questions are: What land does the deed cover? What land does the deed show

the grantor conveyed? (b) In answering these questions the intention of the grantor must be ascertained from the description of the land contained in the deed and not from any parol evidence which might tend to contradict or vary its terms. (c) In locating land covered by deed it is the duty of the jury to try and ascertain what land the grantor conveyed, and in doing this they must look to the deed itself and locate the land by that description in the deed which most certainly shows the intention of the grantor. (d) The deed is the repository of the agreement between the grantor and grantee, and a line radically different from the line described in the deed can not be set up by parol evidence in plain contradiction of the terms of the description set out in the deed. (e) Even the oral testimony in this case failed to show any marked line between said poplar tree and the original or back line, the only line marked as a land line being the one commencing at the rock on the bank of Keowee river and running west 19 chains; the line between said oak tree and said poplar tree being without any surveyors' marks, only a few trees being blazed as if for a fence row on a zig-zag line between said oak and poplar; said dividing line, as thus attempted to be set up by parol testimony, being materially and radically different from the dividing line mentioned in the deed, thereby cutting off fifty-one acres from the one hundred and twenty-six acres included in the line described in the deed.

VII. "Because his Honor erred in submitting to the jury the construction and interpretation of the deed executed by Jane Holden, as executrix of Isaac Holden, deceased, to L. F. Moore, on February 2, 1883, the same being plain and without ambiguity or uncertainty, and the intention of the grantor as to the premises conveyed by said deed must be gathered from its terms.

VIII. "Because his Honor erred in refusing to charge the following request of defendant: That if the defendant entered upon the land in dispute in good faith under claim

of ownership thereof, through the deed executed by Jane Holden, as executrix of Isaac Holden, deceased, to L. F. Moore, of date February 2, 1883, and the successive deeds of conveyance down to defendant, such entry under such claim of rightful ownership, not being wilful or wanton, plaintiff can not recover, and the verdict should be for defendant.

IX. "Because his Honor erred in refusing to charge the following request of defendant: 'That the burden is in plaintiff to establish by the preponderance of the evidence that defendant's entry upon the land in dispute was wilful and wanton; a wanton and wilful entry and trespass is one thing, while an entry under claim of ownership is another, and if the entry by defendant be under claim of ownership, and not wilful and wanton, plaintiff can not recover.' "

*Mr. R. T. Jaynes,* for appellant, cites: *Parol evidence as to agreed line not admissible:* 58 Am. St. R., 17; *Wynne* v. *Alexander,* 47 Am. Dec., 326; *Hamilton* v. *Cawood,* 1 Am. Dec., 378; 51 Am. Dec., 135; 4 Ency., 795, 847; 34 Pac. R., 653; 23 Me., 217; 19 Pick., 250; Harp., 454; 1 Rich., 143; 3 Rich., 129; 71 S. C., 260; 69 S. C., 99; 79 Am. St. R., 249. *Plaintiff can not hold to line claimed by adverse possession:* 85 Me., 260; 24 Am. St. R., 389.

*Mr. J. R. Earle,* contra, cites: *Description in deed should be reformed to express agreement:* 48 S. C., 349. *Parol necessary to explain terms of deed:* 71 S. C., 264; 1 Am. Dec., 548; 47 Am. Dec., 326; 79 S. C., 442.

The opinion in this case was filed December 1, 1908, but remittitur held up on petition for rehearing until

April 13, 1909. The opinion of the Court was delivered by

MR. CHIEF JUSTICE POPE. This action was commenced on the 14th day of December, 1906, by the service of summons and complaint.

The plaintiff claims to be the owner of a tract of land in Oconee county containing two hundred acres, more or less, and has had possession for more than twenty years; the plaintiff believes that the defendant entered upon a portion of said tract in 1903 and cut timber; that he has never given permission to defendant to enter upon his land, and defendant committed trespass upon said land, and he has been damaged in the sum of two hundred dollars.

The defendant, answering, denies each and every allegation in the complaint and says that he is seized in fee and possessed of the tract described in the complaint under a deed dated August 23, 1903, from the Seneca Bank, and denies that he has entered upon land of plaintiff, or cut and removed any trees therefrom, or committed any trespass upon any land of the plaintiff.

The cause came on for trial before his Honor, Judge D. E. Hydrick, and a jury, at the November term, 1907, of the Court of Common Pleas for Oconee county.

Upon agreement of counsel the Circuit Judge announced that a verdict as to damages would settle the matter as to the land.

The jury rendered a verdict for plaintiff for eighty dollars. Defendant now appeals upon numerous grounds. Let the exceptions be reported.

The appellant in his argument discusses the exceptions under the heads: 1. Error in the admission of parol testimony, for the purpose of changing, varying or contradicting the deed. 2. Error in charge. 3. Error in refusing new trial. We will now consider these questions and the exceptions relating thereto.

The plaintiff sought to introduce testimony to show that it was agreed between Mrs. Holden, the original grantor, and L. F. Moore, her grantee, that the dividing line between

the said grantor and grantee should be from a rock on the bank of the Keowee river, at the mouth of the second drain branch, running to a red oak tree, thence to a poplar tree, thence southwest to the original line, thence to the beginning. Whereas, defendant's deed requires that the line should commence on a rock on the Keowee river, at the mouth of the second drain branch, running west 19 chains, thence southwest to the original line, containing one hundred acres, more or less.

Now, the plaintiff insisted that it was competent for him to show by parol testimony a dividing line, and he seeks by the different persons who held the title to show that such was the dividing line agreed upon by all the parties; the defendant seeks to restrict the line to the language of the deed. The serious question, therefore, is: Shall this agreed line be the boundary between the parties?

By all the authorities it seems to us that the plaintiff should not have been allowed to introduce testimony showing the dividing line, and the defendant insists that, as was required in *Owen* v. *Henderson*, 58 Am. St. Rep., 17, you can not modify a deed by parol evidence of the understanding of the parties, or show by a prior conveyance that such parol testimony was admissible; also, in *Wynne* v. *Alexander*, 47 Am. Dec., 326, "Parol evidence to prove the true boundary is a line of marked trees not mentioned in the deed and varying from the written course and distance, is inadmissible;" also, in *Hamilton* v. *Cawood*, 1 Am. Dec., 378, "Where a conveyance describes land by course and distance, without any natural boundary, the party in locating his land must be confined to courses and distances, and can not explain by parol proof what land was intended to be conveyed."

In *Pack* v. *Thomas*, 51 Am. Dec., 135, it is held: "The rule as to varying written instruments by parol evidence is: That where the law requires the written instrument, or where parties adopt that mode of contracting, it is a matter

of principle and policy to prevent inferior evidence from being used, either as a substitute for or an alteration of the written contract. The operation of the instrument can not be varied by showing that a different intention existed at the time it was made. Its legal effect must be preserved, and all contemporaneous expressions or circumstances which tend to vary it must be excluded, unless established by proof of the same character."

In 4 A. & E. Enc. L., 795, it is stated: "The intention of the parties must be ascertained from the instrument itself, and where it is clearly expressed therein, outside evidence will not be admitted to frustrate it or to alter the terms of the description. Parol evidence is only to be resorted to to show the circumstances under which the deed was made, to define technical terms, or to explain latent ambiguties." In the same volume, at page 847, it is said: "The general rule is that parol evidence is not admissible to vary the description of a boundary in a deed." In *Hogins* v. *Boggs,* 34 Pac. Rep., 653, it is held: "Where a deed conveys a certain number of feet along the street, beginning at a certain point, only that number of feet passed by the deed, and evidence that the grantor measured more than that number of feet is incompetent to show that more passed by the deed than the number of feet stated in it."

Our own cases are to the same effect; as is said in *Martin* v. *Simpson,* 1 Harper, 454: "The defendant, Simpson, having produced a regular chain of title, derived from an older grant than that of the plaintiff, Martin, was entitled to a verdict; but in what manner his survey ought to have been closed was the question." On appeal the instructions of the Circuit Court was held to be erroneous. The opinion of the Court was delivered by Mr. Justice Huger, who said: "It is important to the quiet enjoyment of landed property that the rules by which it should be located should be simple and few. If a case can, therefore, be as well decided by an already well known and established rule, it is better to be

satisfied with it than to make a new one, or resort to another not so well known. It has already been well settled that the courses and distances must govern unless controlled by artificial boundaries or natural objects."

In *Johnson* v. *McMillan,* 1 Strob., 143, it is held: "The great principle which runs through all rules of location is that where you can not give effect to every part of the description, that which is more fixed and certain shall prevail over that which is less so. The rule that natural or artificial boundaries will control distances or courses authorizes no other departure from the course and distance than such as is necessary to effectuate the apparent intention of the grantor."

Chief Justice O'Neall, in *Senterfeit* v. *Reynolds,* 3 Rich., 129, says: "There is no doubt that extrinsic evidence may be received to distinguish the subject of a devise, when from the words used there is such a description given as can by parol be rendered certain. But this does not intend that the grantor and grantee shall be allowed to give construction to the words used * * * but his declarations that he intended to convey to such a line, when his deed would not warrant such a construction, are plainly inadmissible, on the ground that parol can not contradict a written instrument."

Mr. Greenleaf on Evidence, at section 277, says: "It is a general rule of evidence, long since established and now well settled, that parol testimony can not be introduced to vary, add to or alter a written instrument which in itself is plain and free from doubt. The parties themselves, having reduced their contract to writing, are supposed to have done so in part at least, with a view to exclude everything else but the writing itself in determining their contract, which writing must be interpreted by the Court according to well established rules not necessary to be here considered. The writing, however, being the act and instrument of the parties, finally and solemnly agreed upon. no other

words than those found therein can be added to it or substituted in its stead by oral testimony.   Nor can testimony of a previous colloquim or of conversation or declaration, at the time when completed or afterwards, be offered to explain."

As is said in Starkie on Evidence, 648: "So we think it is error on the part of the Circuit Judge in declaring null and void the solemn agreement, under seal of the defendant, Evans, on the ground that there was a stipulation between the parties to the agreement not embraced within the terms of the writing itself.   The language of the instrument is unambiguous, free from doubt, and it was error to permit parol testimony which would tend to enlarge, vary or contradict its terms."

The deed of Jane Holden to L. F. Moore, on 2d day of February, 1882, in plain and unambiguous terms describes the dividing line between the parties of the tract of land of the estate of Isaac Holden, deceased.   It makes no difference that the parties to the deed sought by conversation or act itself to lay down a rule other than that expressed in the deed as the dividing line; it was enough that they agreed and embodied in their deed such dividing line.   Having so made their deed, it was not in their power by parol testimony to vary, add to or modify the same.   There is no ambiguity in that deed; there was no necessity to show what was meant by the language used.   It was error, therefore, on the part of the Circuit Judge to admit any parol testimony to vary, alter or modify the terms of the deed. While the course "southwest" called for in the deed without stating degrees is unusual, and possibly might not have been intended to mean an exact course, yet "southwest means a course equally diverging from south and west, or south 45 degrees west;" and when used in a deed a different meaning can not be given to it by parol testimony.

The exceptions relating to this question are sustained.

The Circuit Judge charged the jury: "If, when this deed was made, these people did nothing more than to make that contract, and if since that time the line has been established by mutual consent of the parties, then it is your duty to find for the defendants; but if, at the time the deed was made, they went out and marked out the line upon the ground which was called for in that deed throughout, and they agreed that should be the line,—that is, if both of them agreed to it, the grantor and grantee in that deed,—then they are bound by it. If they didn't do that at the time that deed was made, as a part of the contract which they entered into, then neither one of them could afterwards fix that line without the consent of the other, but would be bound to go by the courses and distances called for in the deed."

The defendant insists that the charge of the Circuit Judge was in accordance with the following language used in *Wright* v. *Willoughby*, 79 S. C., 442, 60 S. E., 971: "While this was the true construction of the deed, the evidence as to location of lines by the surveyors, under any agreement or understanding of the parties, was competent to show settlement of any dispute about the line by the adoption of an agreed line different from that which we have shown Braveboy or the other plaintiff was entitled to insist on under the terms of the deed." There can be no doubt that an agreement acquiesced in by the parties fixing a *disputed* line is binding; but this principle does not apply here, because, even according to the testimony offered by the plaintiff, at the time the alleged agreed line was laid off, the deed had not been made, and there was not and could not have been any dispute about the boundaries; on the contrary, conceding the line to have run as testified by plaintiff's witnesses, the failure to make the lines so actually run correspond with the courses and distances given in the deed was only an error, and in case of such variance, as already shown, the written conveyance must prevail.

3. Inasmuch as the Circuit Judge refused to grant a new trial for the correction of the errors made by him, he was in error.   The exceptions relating to this question are sustained.

It is the judgment of this Court that the judgment of the Circuit Court be reversed and a new trial had.

April 13, 1909.   PER CURIAM.   After careful consideration, the Court is of the opinion that no material question raised by the exceptions has been overlooked or disregarded, and that there is no good ground for a rehearing of the case.

It is, therefore, ordered that the petition herein be dismissed and that the order heretofore granted staying the remittitur be revoked.

                              Y. J. POPE, C. J.
                              IRA B. JONES. A. J.
                              C. A. WOODS, A. J.

After careful consideration of the petition for a rehearing, I have reached the conclusion that it should be granted.

                              EUGENE B. GARY, A. J.